STEPHEN S. SOUTHARD, JR., APPELLANT, V. JOHN BEHRNS ET AL., APPELLEES.

FILED NOVEMBER 4, 1897. No. 7554.

Review: SUFFICIENCY OF EVIDENCE. A finding of a trial court which is unsupported by the evidence is manifestly wrong, and a judgment based thereon will be reversed.

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J. *Reversed.*

*Byron Clark*, for appellant.

*E. H. Wooley*, contra.

HARRISON, J.

The appellant, on October 27, 1892, instituted this action in the district court of Cass county, alleging in his petition that he was the owner of the undivided one-half of the west half of the northwest quarter section 23, township 10, north of range 12, in Cass county, Nebraska; that he derived his title to the land by or through a warranty deed executed and delivered to him and one G. Frank Gauley, on August 20, 1858, by William Anderson and wife, pursuant to a purchase of said land then made by the grantees in the deed of the grantors therein; that the defendants claimed to have purchased and to own all the interest of the said G. Frank Gauley in and to the property and were, and had been, in possession of the same and had received the rents, issues, and profits thereof since February 1, 1893. Judgment was asked confirming the interests or titles of the parties, for partition of the property, and an accounting by the defendants of and for the said rents and profits. The defendants in answer denied that plaintiff ever had any interest or title in or to the land, and alleged that, at the time of its purchase from the Andersons pleaded in the petition, the purchase was wholly by G. Frank Gauley, the consideration was wholly paid by him, and plaintiff's name was inserted in the deed by mistake; that possession of the land was taken by G. Frank Gauley on or about August, 1858, and he was in the "open, notorious, exclusive, and adverse possession" thereof from such date until his death; that some years thereafter, at his death, he left heirs, certain persons whose names are specifically stated in the answer, who had like possession of the land up to the date they sold and conveyed it to the defendants, November 23, 1882, since which time John Behrns, of defendants herein, had been in the "open, notorious, exclusive,

and adverse possession" of the property. It was also stated in the answer that defendants had placed certain improvements on the land and had paid the taxes thereon relative to both of which it was prayed, if partition was accorded the plaintiff, there should be an accounting and adjustment decreed. No values of the improvements or amounts of taxes paid were pleaded. The reply was in effect a general denial. Of the issues there was a trial to the court resulting in the following finding and decree:

"Now on this 4th day of September, A. D. 1894, this cause having heretofore been submitted upon the pleadings and testimony of the respective parties, and the court, being fully and well advised in the premises, doth find that the defendant John Behrns has been in the peaceable, open, notorious, and adverse possession of the real estate described in plaintiff's petition, viz., the west half of the northwest quarter of section twenty-three (23) in township ten (10) north, of range twelve (12), in Cass county, Nebraska, for more than ten years immediately preceding the commencement of this action; and that during said time he has placed valuable improvements thereon.

"Wherefore, it is ordered, adjudged, and decreed that the title to said lands be and the same are forever confirmed in the defendant John Behrns, and that the plaintiff be and is hereby enjoined from having or claiming any right, title, or interest in and to the same, or any part thereof; and the plaintiff is not entitled to partition by reason of said possession, and plaintiff's petition is therefore dismissed with costs; * * *."

The plaintiff has appealed to this court. Whether the court could, in an action of partition, try and adjudicate questions in regard to the titles to the land is not presented by the present record, hence we will not discuss or decide it. The main point for consideration is whether there was evidence sufficient to support the finding of the court in regard to the defendant's possession of the land.

The evidence in relation to the defendant and his own-

ership and possession of the land in dispute disclosed that he had purchased it on February 1, 1883, the date of the conveyances to him.   In his testimony he stated that he took possession of the land during the following spring, "before the 12th of May."   The petition in the present action was filed October 27, 1892, and from the record it appears that on November 21, 1892, the defendant filed a motion to require the plaintiff to give security for costs, from which it is apparent that the possession of the defendant had continued for less than ten years,—the statutory period.   No witness placed it before the year 1883, during the spring months; hence some months short of the necessary time.

The only other issue relative to adverse possession raised by defendant's answer was that defendants, the heirs of G. Frank Gauley, and G. Frank Gauley, had been in the "open, notorious, exclusive, and adverse possession" of the land for more than the statutory period necessary to bar an action by the plaintiff to assert any right or title in or to it.   On August 20, 1858, according to the evidence, pursuant to a purchase made by the grantees named in the deed, the title to the land was conveyed by the then owners to G. Frank Gauley and the plaintiff, and it does not appear that either of the grantees ever occupied the land or was in actual physical possession of it or had any other possession thereof than is presumed to be in any owner of wild, uncultivated, unoccupied land.   Clearly no such possession of either G. Frank Gauley or the parties who made quitclaim deeds conveying the property to defendants as heirs of G. Frank Gauley was shown admissible or competent under the pleadings, which can be claimed to have been open, notorious, and adverse to the plaintiff..   There was a tax deed introduced in evidence by which it appeared that the land in litigation herein had been sold to one Daniel Foust and a tax deed executed and delivered by the treasurer of Cass county to the purchaser; and it also appeared that the land had been conveyed by Daniel Foust

to Geo. F. Gauley, but this had no relevancy or compe-
tency in any issue presented by the pleadings, hence any
claims which might have been asserted under this evi-
dence need not be discussed here. The finding of the
trial court was unsupported by the evidence,—was mani-
festly wrong. The judgment based thereon must there-
fore be set aside and the cause remanded for further pro-
ceedings.

REVERSED AND REMANDED.